UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cr-403-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **ELEONEL CASTREJON GARCIA,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion to Reduce Sentence

Pursuant to USSC Amendment 821. (Doc. No. 234). Because Defendant is not eligible for a

sentence reduction under Amendment 821, the Court will deny the motion. Furthermore, to the

extent that Defendant seeks appointment of counsel to assist him with his motion, the motion is

denied.

## I.     Background

During 2019, Defendant Eleonel Castrejon Garcia participated in a drug-trafficking

organization that distributed methamphetamine and cocaine in Union County, North Carolina.

(Doc. No. 162 ¶ 11). Between March and November of 2019, Garcia sold a confidential

informant 27.93 grams of cocaine and more than 435 grams of actual methamphetamine. (Id. ¶¶

12–20, 28–29). When police searched Garcia's home and car in May of 2019, they seized 5

grams of actual methamphetamine, 1,566 grams of cocaine, a .380 semi-automatic handgun, a

.40 caliber handgun, several .40 caliber extended magazines, Xanax, and $344 in cash. (Id. ¶¶

23–27).

A federal grand jury indicted Garcia and charged him with conspiracy to distribute and

possess with intent to distribute at least 50 grams of actual methamphetamine, 21 U.S.C. § 846; conspiracy to distribute at least 500 grams of cocaine, 21 U.S.C. § 846; two counts of possessing with intent to distribute cocaine, 21 U.S.C. § 841(a)(1); four counts of possessing with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1); and possessing a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c). (Doc. No. 60). Garcia entered into a plea agreement with the United States and pleaded guilty to the drug-trafficking-conspiracy offense and one of the substantive drug-trafficking offenses. (Doc. Nos. 111, 120).

This Court's probation office submitted a presentence report and calculated a total offense level 31. (Doc. No. 162 ¶ 45). The probation office assessed Garcia one criminal-history point based on his prior conviction. (Id. ¶¶ 49–50). The probation office concluded that the Sentencing Guidelines advised a sentence of between 108 and 135 in prison for the racketeering offenses based on a total offense level of 31 and a criminal-history category of I. (Id. ¶ 68). Garcia faced a mandatory-minimum sentence of 120 months in prison for both drug-trafficking offenses. (Id. ¶ 67). This Court sentenced Garcia to 120 months in prison. (Doc. No. 199 at 2). Defendant now asks the Court to reduce his sentence under Amendment 821 of the Sentencing Guidelines.

## II.     Legal Standard

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while

under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease if a defendant has (1) zero criminal-history points, and (2) did not receive a terrorism adjustment under U.S.S.G. § 3A1.4; (3) did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the offense was not a sex offense; (6) did not personally cause substantial financial hardship; (7) did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon in connection with the offense; (8) the offense was not an offense involving individual rights covered by U.S.S.G. 2H1.1; (9) did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848. U.S.S.G. 4C1.1.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. §

1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III.    Analysis

Here, the probation office did not assess Defendant any criminal history points for committing the instant offense while under a criminal justice sentence, rendering him ineligible for reduction under Part A of Amendment 821. And Defendant was assessed more than zero criminal history points, rendering him ineligible for reduction under Part B, Subpart 1, of Amendment 821. Thus, Defendant is not eligible for sentence reduction under Amendment 821 of the Sentencing Guidelines. The Court will therefore deny Defendant's motion.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821 (Doc. No. 234) is **DENIED**.

Max O. Cogburn Jr
United States District Judge

4